# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10784
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN ANTHONY LEE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-139-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

John Anthony Lee appeals his guilty plea convictions and sentences for being a felon in possession of a firearm and for conspiracy to obstruct justice through evidence concealment. Lee first argues that there was no factual basis for his guilty plea on the conspiracy count because he lacked the intent to destroy the evidence so it could not be used in an "official proceeding," where that term is defined under the statute as a federal proceeding. Lee then argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10784

that the district court should have found that the Texas offense of delivery of a controlled substance, TEX. HEALTH & SAFETY CODE ANN. § 481.112, is no longer divisible in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013). As Lee concedes he did not raise either objection in the district court, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

As to Lee's first argument, the factual basis he agreed to at his plea hearing alleged facts that satisfied the statutory requirements, including that Lee conspired with others to destroy videotape evidence in order to make it unavailable in his federal proceeding. *See* 18 U.S.C. § 1512(c)(1). As Lee acknowledges, the factual basis was sufficient on its face. Although he contends that subsequent information casts doubt on whether he could have foreseen the federal proceeding, given the record as a whole, including his sworn statement under oath, any error there may have been was not clear or obvious. *See United States v. Alvardo-Casas*, 715 F.3d 945, 952 (5th Cir. 2013). Further, Lee does not argue that his substantial rights were affected or that this court should exercise its discretion to correct the error because the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135. Thus, he has effectively abandoned any such arguments. *See United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010); *United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992).

We have previously rejected Lee's contention that the Texas drug statute is not divisible in light of *Descamps*. *See United States v. Teran-Salas*, 767 F.3d 453, 459 (5th Cir. 2014), *petition for cert. filed* (Dec. 15, 2014) (No. 14-7593). Lee cites no case to the contrary and has not demonstrated error, plain or otherwise. *See Puckett*, 556 U.S. at 135.

AFFIRMED.